Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5870 | **DATE** | 6/4/2004 |
| **CASE TITLE** | VLASEK vs. VILLAGE OF HOMEWOOD, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's amended motion for summary judgment [67-1] is denied. Defendant's original motion for summary judgment [43-1] is granted. Plaintiff's counsel is granted leave to sign and file a copy of the complaint on behalf of plaintiff. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JUN 0 7 2004 | 80 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | JXM | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 6/4/2004 date mailed notice | |
| CB | courtroom deputy's initials | 2004 JUN -4 PM 4:08 | PW mailing deputy initials |
| | | Date/time received in central Clerk's Office | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JUN 0 7 2004

| | | |
|---|---|---|
| JOSEPH VLASEK, | ) | |
| Plaintiffs, | ) | No. 01 C 5870 |
| v. | ) | Suzanne B. Conlon, Judge |
| VILLAGE OF HOMEWOOD, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Joseph Vlasek ("Vlasek") sues Michael Nemitz ("Nemitz") under 42 U.S.C. § 1983. Specifically, Vlasek claims that Nemitz deprived him of access to his residence and personal property in violation of the due process clause of the Fourteenth Amendment. Nemitz moves for summary judgment.

### BACKGROUND

**I.      Local Rule 56.1 Statement of Facts**

Local Rule 56.1 requires litigants to follow a detailed procedure in filing and responding to summary judgment motions. Local Rule 56.1 requires both the moving and non-moving parties to submit a statement of material facts, including "specific references to the affidavits, parts of the record, and other supporting materials relied upon." Local Rule 56.1(a)(3); Local Rule 56.1(b)(3)(B). Evidence submitted at summary judgment must be admissible at trial under the Federal Rules of Evidence. *Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir. 2000). All facts

1



not properly supported by the record evidence must be disregarded. *Brasic v. Heinemann's Inc.*, 121 F.3d 281, 284 (7th Cir. 1997).

Both parties' responses improperly claim a lack of personal knowledge as to the truth of underlying factual statements. Accordingly, paragraphs 22 and 24 of Nemitz's statement of facts are deemed admitted by Vlasek; paragraph 8 of Vlasek's statement of additional facts is deemed admitted by Nemitz. *McGuire v. United Parcel Serv.*, 152 F.3d 673, 675 (7th Cir.1998) (response claiming insufficient information to "admit or deny" improper and constitutes an admission).

Vlasek also fails to support paragraphs 4, 9 and 10 of his statement of additional facts with admissible evidence. Instead, he solely relies on conclusory allegations contained in his own self-serving affidavit. In paragraph 4, Vlasek relies on his affidavit to state he "had permission to reside at the house." Pl. Facts at ¶ 4. The affidavit, in turn, simply states "[o]n or about July 22, 1999, along with other members of my family, I was asked to leave my residence at 1537 West 187th Street, but was given permission to move back in within three or four days." Pl. Facts Ex. A at ¶ 7. Vlasek utterly fails to identify who gave him permission to move back into the residence or when he was given permission. In paragraphs 9 and 10, Vlasek fails to provide specific concrete facts regarding Nemitz's purported interference with his property rights. Instead, Vlasek baldly asserts that Nemitz "did not permit [him] to remove all of his personal property" at the time of eviction or "in the next few days". Pl. Facts at ¶¶ 9-10. Vlasek does not explain what Nemitz specifically said or did to prevent him from removing his personal property from the residence at the time of eviction or "the next few days" afterwards. Accordingly, paragraphs 4, 9 and 10 of Vlasek's statement of additional facts are disregarded for failing to comply with Rule 56. *See, e.g., Lujan v. National Wild Life Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990) ("the object of [Rule 56] is not

2

to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit"); *Hadley v. County of DuPage*, 715 F.2d 1238, 1243 (7th Cir. 1983), cert. denied, 465 U.S. 1006, 104 S.Ct. 1000, 79 L.Ed.2d 232 (1984) ("Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter[;] rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted").

## II. Facts

All facts are undisputed unless otherwise noted. In July 1999, Vlasek was involved in bankruptcy proceedings related to his residence in Homewood, Illinois, where he lived with members of his family. Def. Facts ¶¶ 2-5, 16-17; Pl. Resp. Def. Facts ¶¶ 2-5, 16-17; Pl. Facts at ¶ 2. Nemitz lived next door. Pl. Facts at ¶ 3. Coincidentally, at that time Nemitz was also the Village of Homewood's Health and Environmental Coordinator. Def. Facts at ¶ 1.

By July 1, the bankruptcy court had determined that South Holland Trust and Savings Bank, not Vlasek, held legal title to the property as trustee of a land trust. Def. Facts ¶¶ 3-5. The bankruptcy court further determined that the bankruptcy trustee was the owner of the trust's beneficial interest. *Id.* On July 22, two Deputy U.S. Marshals instructed the Vlaseks to leave the property. *Id.* at ¶ 6. The Vlaseks removed their personal property to cars and trucks, with "barely anything left in the house." Def. Resp. Pl. Facts ¶ 8. The Vlaseks did not vacate the property permanently. *Id.* at ¶¶ 7, 10; Pl. Resp. Def. Facts at ¶ 7. Instead, they re-occupied the property sometime between July 23 and July 26. Def. Facts at ¶ 10. At this time, water service to the property had been shut off, which deemed the residence uninhabitable by the Village of Homewood. *Id.* at ¶¶ 8, 11. On July 26, Nemitz delivered a letter to the property, advising the occupants that the property was uninhabitable. *Id.* at ¶ 12. The very next day, Nemitz learned that water service had

3

been restored without the village's authorization. *Id.* at ¶¶ 13-14. Water service was again shut off, only to be restored, and then shut off a third time. *Id.* at ¶¶ 15, 18, 19. On August 4, Nemitz attempted to deliver another letter to the property as to its uninhabitable state. *Id.* at ¶¶ 20-21.

Meanwhile, the bankruptcy trustee petitioned the bankruptcy court to oust the Vlaseks, their dog(s), and any personal property from the property. Def. Facts Ex. F. On July 29, the court entered an order, stating in part:

> 1. That . . . Joseph Vlasek . . . and each and every other unnamed and unknown individual(s) currently occupying the property at 1537 W. 187th Street, Homewood, IL, shall immediately vacate the property at 1537 W. 187th Street, Homewood, IL and shall immediately remove their personal belongings from the premises without further notice or order;
>
> 2. The Village of Homewood, Illinois Police Department is authorized and directed to take whatever steps necessary to determine whether the above-named occupants have complied with Paragraph 1 above of this Order and to report its findings to the Court; and
>
> 3. Phillip D. Levey, Trustee is hereby authorized to incur the necessary costs to change the locks to the subject premises and to install padlocks on same[.]

*Id.* On August 5, the bankruptcy trustee requested the Village of Homewood arrange to change the property's locks; the trustee later paid the bill. *Id.* at ¶¶ 22, 24. That same day, a local locksmith changed the locks in Nemitz's presence at his request. *Id.* at ¶ 23; Def. Resp. Pl. Facts at ¶ 9. Police officers evicted Vlasek, with Nemitz's "help." Pl. Facts at ¶ 7. The next day, on August 6, Nemitz and two police officers from the Homewood Police Department observed the Vlaseks remove the rest of their personal belongings from the property. *Id.* at ¶ 25; Def. Resp. Pl. Facts at ¶ 25.

As a result of this eviction, Patricia Vlasek filed a *pro se* complaint on her own and Vlasek's behalf in this court against Nemitz, the Village of Homewood, the Homewood Police Department,

4

and unknown police officers in July 2001.[1] Pl. Facts at ¶ 11. This court dismissed the complaint under Federal Rule of Civil Procedure 37 because plaintiffs failed to respond to discovery. Pl. Facts at ¶¶ 23-25. The Seventh Circuit affirmed as to Patricia Vlasek, but vacated and remanded as to Vlasek. *Vlasek v. Nemitz*, No. 02-2423, 2003 WL 21489711 (7th Cir. 2003) (unpublished decision). Nemitz moves for summary judgment on Vlasek's claims.

## DISCUSSION

### I. Standard of Review

Summary judgment is appropriate when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *King v. Nat'l Human Res. Comm., Inc.*, 218 F.3d 719, 723 (7th Cir. 2000). Once a moving party has met its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000).

---

[1] All defendants except Nemitz were subsequently dismissed. Minute Order, 3/22/02, Docket No. 34-1.

## II. Vlasek's Failure to Sign Complaint

Preliminarily, Nemitz argues that summary judgment is appropriate because Vlasek is not a proper party to this litigation. Nemitz contends that because Vlasek never signed the *pro se* complaint filed by his mother, he is not a proper party. Nemitz further contends that because the statute of limitations has now expired on Vlasek's §1983 claim, summary judgment is appropriate. Nemitz's contentions are rejected.

As the Seventh Circuit clarified, Vlasek was unable to proceed *pro se* due to the fact that he has been adjudged a disabled person under the guardianship of Patricia Vlasek. *Vlasek*, 2003 WL 21489711 at *3 (citing *T.W. by Enk v. Brophy*, 124 F.3d 893, 895 (7th Cir. 1997) ("[t]o maintain a suit in a federal court, a child or mental incompetent must be represented by a competent adult")). Nor could Vlasek be represented by his mother, a non-lawyer. *Id.* (citing *Navin v. Park Ridge School Dist. 64*, 270 F.3d 1147, (7th Cir. 2001)). Accordingly, on remand, this court appointed counsel to represent Vlasek. Minute Order, 11/17/03, Docket No. 61-1. Vlasek's failure to sign the *pro se* complaint initially filed in July 2001 by his mother and guardian, Patricia Vlasek, does not warrant dismissal. Vlasek's failure – occasioned by procedural misapprehensions regarding his status as a disabled individual – may be treated as a mere technical defect; leave to correct the oversight may be given. *Stroud v. Senese*, 832 F.Supp. 1206, 1215 (N.D.Ill. 1993) (permitting leave to correct failure to sign so as to comply with Rule 11). Nemitz's concern that Vlasek did not "assent to the filing of the action on [his] behalf" is unwarranted. Def. Am. Mot. at 3. Within two months of the filing of the *pro se* complaint, Vlasek signed and filed his Application to Proceed Without Prepayment of Fees and Affidavit (10/2/01, Docket No. 17-1), thereby indicating his intent to participate in this litigation. Vlasek's appointed counsel is given leave to sign and file a copy of the

complaint on Vlasek's behalf. Fed. R. Civ. P. 11 ("[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party").

III. Vlasek's Due Process Claims[2]

A. Access to Residence

Pursuant to the Fourteenth Amendment, the state may not deprive a person of a constitutionally protected property interest without due process of law. *Listenbee v. City of Milwaukee*, 976 F.2d 348, 351 (7th Cir. 1992). Vlasek argues that Nemitz deprived him of his constitutional right of access to his residence by arranging to have the locks changed and Vlasek evicted on August 5. Vlasek's argument fails to consider the July 29 order of the bankruptcy court specifically directing him to vacate the property. Def. Facts Ex. F. As of August 5th, Vlasek had no protectable property interest in the residence. *Kim Constr. Co., Inc. v. Bd. of Trs. of Vill. of Mundelein*, 14 F.3d 1243, 1245 (7th Cir. 1994) (plaintiff must have a protected property interest in order for a due process claim to arise). Nor does Vlasek's conclusory, unsupported assertion that he "had permission to reside at the house" change this result. As explained above, summary judgment may not be defeated with reference to conclusory assertions. *Lujan*, 497 U.S. at 888 ("the object of [Rule 56] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit"). In the absence of specific, concrete facts establishing who gave Vlasek "permission to reside at the house," he cannot claim a protectable interest in the

---

[2] The court does not consider Vlasek's claim that he was deprived of his right to water service at his residence by Nemitz. That claim has been withdrawn. Pl. Resp. at 1.

property. Accordingly, Vlasek's claim of deprivation of access to his residence in violation of the due process clause of the Fourteenth Amendment must fail.

In addition, Vlasek's claim fails because Nemitz is entitled to absolute quasi-judicial immunity. *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238-39 (7th Cir. 1986). Under this doctrine, non-judicial officers are protected for their performance of orders issuing from a court. *Lawrence v. Conlon*, No. 92 C 2922, 1995 WL 153273 (N.D. Ill. 1995) ("non-judicial officials whose official duties are integrally related to the judicial process are entitled to absolute immunity for their quasi-judicial conduct"). In depriving Vlasek of access to his residence, Nemitz acted pursuant to the July 29th bankruptcy court order by arranging to have the property's locks changed and otherwise helping the police with the eviction. Vlasek concedes as much in his response brief. Instead, he contends absolute quasi-judicial immunity does not attach because Nemitz's "conduct was not intimately related to the judicial process." This contention is flawed as a matter of law. In *Henry*, the Seventh Circuit extended absolute quasi-judicial immunity to a sheriff who allegedly entered plaintiff's home and seized personal property because the sheriff was "at all times acting pursuant to an official court order to enforce a validly entered judgment." 808 F.2d at 1238-39. In doing so, the court expressly determined that the sheriff's enforcement of the order was intimately related to the judicial process. *Id.* at 1239. ("[i]t is difficult to think of a task more intimately related to a judicial proceeding than that of enforcing a money judgment entered by a court"). Nemitz is entitled to quasi-judicial immunity from suit under § 1983 for damages.

**B.     Access to Personal Property**

The Fourteenth Amendment bars deprivation of a constitutionally protected property interest in personal property without due process. *Brown v. Knapp*, 156 F.Supp.2d 732 (N.D.Ill. 2001).

Vlasek argues that Nemitz did not permit him to remove all his personal property at the time of eviction, or for the next few days. Preliminarily, Vlasek's misguided contention that Nemitz violated the July 29th bankruptcy court order is rejected. Contrary to Vlasek's position, the order did not require Nemitz to permit the occupants to "remove their personal belongings." The July 29th order required Vlasek and the other occupants to "remove their personal belongings" immediately. Def. Facts Ex. F. Vlasek cannot shift the blame for his failure to immediately comply with the bankruptcy court's July 29th order to Nemitz. Vlasek's conclusory assertion that Nemitz "did not permit [him] to remove all of his personal property from inside the house" on August 5 "until sometime in the next few days" is belied by his admission that "[o]n August 6 . . . the Vlasek family removed their property from the home" (Pl. Resp. Def. Facts ¶ 25). The contention is also defective for purposes of Rule 56. *Lujan*, 497 U.S. at 888 ("the object of [Rule 56] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit"). In the absence of specific information regarding what Nemitz said or did that prevented Vlasek from removing all his personal property on August 5, summary judgment must be granted.

## CONCLUSION

Nemitz is entitled to summary judgment on all claims as a matter of law.

June 4, 2004

ENTER:

_Suzanne B. Conlon_
Suzanne B. Conlon
United States District Judge

9